Pearson, J.
 

 The plaintiff was a contractor, for carrying the mail in stage coaches, from Salisbury to Asimile» his route passing along the State road from Rutherford to Buncombe, crossing the Blue Ridge at the Hickory Nut Gap. This was case for damages, by reason of obstructions placed in the road by the defendants, whereby the plaintiff’s stages were frequently detained and in one instance a stage upset.
 

 The defence was, that by virtue of an Act of the General Assembly, the defendant had a right to shut up the
 
 *487
 
 part of the State road where the damage was occasioned, during the time allowed by said act for the construction of a turnpike; that part of the State road being “abrogated” by a grant to the defendants. His Honor, in making up the case, says,* The only question intended to be raised in this case is, whether the turnpike company, by virtue of their charter, had a right to close up the old road, and keep it closed at pleasure.” His opinion was against the defendants upon this point, and to this they except. The case is made in reference to this point alone, and we are therefore confined to it.
 

 The act incorporates the company with a capital of $10,000, “for the purpose of making and keeping in repair a turnpike road, commencing at Cove Creek bridge in Rutherford county, thence
 
 along or near the State road,
 
 crossing the Blue Ridge at the Hickory Nut Gap, to Joseph Gavin’s in Buncombe County.” “The company shall have power to appoint commissioners to lay" off and mark the location of said road.” “The commissioners shall have power to assess damage in favor of any person, through whose land said road may pass. The road shall be twenty feet wide, clear of obstructions, except where side cutting may be necessary, in which case it may be twelve feet wide. The ascent or descent of no part of the road shall exceed one foot perpendicular to ten feet horizontal.
 
 When
 
 the road
 
 shall be received
 
 by a commissioner appointed by each of the County Courts of Rutherford and Buncombe, to examine and receive so much of said road, as may be situate in their respective Counties, then it may be lawful for said company to erect a toll gate, &c. The said road shall be, and is hereby declared to be a public highway,
 
 when completed.
 
 The charter to be null and void, unless carried into effect within two years from its passage.”
 

 It was expected that the turnpike would in some places pass along the State road, in others near it, and in others
 
 *488
 
 diverge from it. But it was to cross the mountain at the same gap. The purpose was to improve the communication across the mountain, between the points designatedi and the turnpike,
 
 when completed,
 
 was to be a public highway and take the place of that part of the State road, so as to connect the other two ends, and such part was then to be discontinued, because so far as the public was concerned, it would be no longer necessary to burthen the Counties by keeping it up ; and so far as the company was concerned their profits would be interfered with.
 

 But the defendants take higher ground, and insist, that this part of the State road was ‘’abrogated” or discontinued, as soon as the turnpike was marked off and located by the commissioners, or at all events as soon as the work was commenced. They insist, that it would otherwise be impracticable to make these improvements, and from this they infer a legislative grant of this part of the State road and their right to shut it up, not when the turnpike was completed, but as soon as it was located and operations commenced. To this proposition we cannot yield our assent.
 

 We learn from the case, that this was a part of the State road, and was used for transporting the mail, and we know, as a public matter, that this State road was one of the great thorough-fares, between this State and Tennessee, and the only line of communication between Rutherford, Buncombe, and several other Counties. In the absence of any express legislative enactment, discontinuing a part of this road, we believe it would be doing violence to the intention of the legislature, to discontinue it by implication, until a better road was completed and in a condition to take its place, because thereby tlie public would be subjected to a grievous inconvenience, and-the interest of the company does not imperatively call for itf until they can demand toll.
 

 
 *489
 
 The true construction of the charter, taking it altogether, is, l hat this part oí the State road is to be continued and kept in repair by the road overseers in their respective Counties, until the turnpike is completed, and that the company, for the purpose of constructing the turnpike, has the privilege, when it is located along the State road, to enter upon it and obstruct it, when, where, and as long as is reasonably necessary, to enable them to make their improvements, and, when it is located near the State road, the same privilege is conferred, to be ex< r-cised in a reasonable manner, in reference to the interest of the company and the convenience of the public, the latter being made for a reasonable time to give place to the former.
 

 If a company is incorpsrated to improve the naviga* tion of a river, already used for some purposes, for flat bottomed boats or to raft timber for instance, there can be no inference of an abrogation of the right of navigation, and of a right; on the part of the company to stop it, except so far as it may be reasonably necessary to enable the company to make their improvements; for the object is not to discontinue, but improve, the navigation! thus showing that the legislature is aware of the importance of the communication, and therefore cannot be pro • sumed to intend to deprive the public of it, except so far as is reasonably necessary to make the improvements.— So, in this case, the object being, not to discontinue butt
 
 >
 
 improve, a part 6f the road, it is to be presumed that the legislature intended the public to use it as a high-way, so far as such use is not inconsistent with the rights of the company, exercised in a reasonable manner, until there is a better road to take its place.
 

 PsR Cum AM. Judgment aflinned.